CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

April 30, 2024

LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID MEYERS, | ) |
| Plaintiff, | ) Civil Action No. 7:23cv00347 |
| v. | ) **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | ) By: Hon. Thomas T. Cullen |
| Defendant. | ) United States District Judge |

Plaintiff David Meyers, an inmate proceeding *pro se*, filed this civil action pursuant to the Federal Tort Claims Act ("FTCA").[1] Meyers has filed many cases in this court. In this case, Meyers claims that five federal district court judges, three federal magistrate judges, the former Clerk of this Court, and the current Clerk of this Court have denied him "access to this court" by entering a prefiling injunction against him. (Compl. at 2 [ECF No. 1].) He also claims that these defendants have subjected him to cruel and unusual punishment "by dismissing all of his Federal Tort Claims complaints and 42 U.S.C. Section 1983 civil rights complaints filed from September 2019 until" June 6, 2023 "due to these [judges and clerks] tailoring the [] prefiling injunction so that it prejudices [him] and that [he] can't truthfully cite the [judges' and clerks'] misconduct to kill [him]." (*Id.*) Having reviewed Meyers's complaint, the court will dismiss the action for lack of jurisdiction and, in the alternative, for failing to meet the requirements of the prefiling injunction.

---

[1] Meyers submitted his complaint on a form used for filing an action under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), but clearly states, "This is a Federal Tort Claim Complaint" on the initial page. (Compl. at 1 [ECF No. 1].)

## I.

Generally, the United States and its agencies enjoy sovereign immunity from suit unless Congress has explicitly abrogated such immunity. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA provides a limited waiver of that immunity insofar as it allows the United States to be held liable "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government . . . under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(2); *see Suter v. United States*, 441 F.3d 306, 310 (4th Cir. 2006). This waiver is subject to the condition that an administrative claim must first be submitted to the appropriate agency and denied before a FTCA lawsuit can be filed. *See* 28 U.S.C. 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1980); *see also Bellomy v. United States*, 888 F. Supp. 760 (S.D. W. Va. 1995). The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant at any time thereafter, be deemed a final denial of the claim. 28 U.S.C. § 2675(a). Filing a timely administrative claim is jurisdictional requirement and cannot be waived. *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994) (citing *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986); *Muse v. United States*, 1 F.3d 246 (4th Cir. 1993)). The burden of establishing subject matter jurisdiction of an FTCA claim lies with the plaintiff. *See Welch v. United States*, 409 F.3d 646, 650−51 (4th Cir. 2005). An FTCA claim which is prematurely filed in court "cannot become timely by the passage of time after a complaint is filed." *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995) (citing *McNeil*, 508 U.S. 106).

On the first page of his complaint, Meyers states that the United States Department of Justice Civil Rights Division and Criminal Division and the Federal Bureau of Investigations "*are conducting* investigations on this [matter]." (Compl. at 1 [ECF No. 1] (emphasis added).) He does not allege that he has submitted an appropriate administrative claim to the appropriate agency before filing this FTCA action. Further, he does not allege that any administrative claim has been denied or has been pending for at least six months. Therefore, the court concludes that this action was filed prematurely and Meyers has not met his burden of demonstrating that the court has jurisdiction over his claims. Accordingly, the court will dismiss this action for lack of jurisdiction.

## II.

Moreover, even if Meyers had exhausted administrative remedies and this court did have jurisdiction over his complaint, his complaint nevertheless fails to meet the requirements of the court's prefiling injunction against him. The prefiling injunction order contains requirements for Meyers's submissions to this court and explained what steps would be taken as to various types of documents filed by him. *Meyers v. Roanoke U.S. Att'y*, No. 7:19cv573, ECF No. 10 ¶ 5 (Sept. 6, 2019 Order & Inj.). With regard to new complaints or petitions, the order warned that any new complaint that did not comply with the requirements stated in the order would be "dismissed immediately, without further warning, as violating this order."[2] *Id.* at ¶ 5.

---

[2] In addition to other requirements, the prefiling injunction order requires that any document filed by Meyers must not contain any irrelevant, scandalous, vulgar, obscene, threatening, or vituperative language or allegations, and that any complaint or petition filed by Meyers must:
    a. Clearly identify all defendants;

- 3 -

As a preliminary matter, to the extent that Meyers's allegations can be construed as an argument that the injunction order should be vacated, it is without merit. As the court has noted in prior orders dismissing others of Meyers's cases, Meyers had the opportunity to appeal from the entry of the prefiling injunction order, and he did so, but his appeal was dismissed for failure to prosecute, and his later attempts to reopen that appeal were unsuccessful. *See Meyers*, No. 7:19cv00573, ECF Nos. 12, 21–23 (W.D. Va.). The prefiling injunction order, at this point, is valid and enforceable and has not been set aside by the Fourth Circuit. Unless and until the injunction order is found to be invalid, this court will continue to enforce it.

Meyers's current FTCA complaint fails to meet the requirements of the prefiling injunction order because it alleges only frivolous claims.[3] Meyers claims that eight federal judges, a former Clerk of Court, and the current Clerk of Court have denied him "access to this court" by entering the prefiling injunction against him and subjected him to cruel and unusual punishment by dismissing his FTCA and 42 U.S.C. § 1983 complaints "due to these [judges and clerks] tailoring the [] prefiling injunction so that it prejudices [him] and that [he]

---

      b. State the facts in numbered paragraphs;
      c. Comply with Federal Rules of Civil Procedure concerning joinder of parties and claims;
      d. State non-frivolous claims;
      e. Allege specific facts demonstrating imminent danger of serious physical harm; and
      f. Be accompanied by a certificate of compliance, verifying whether Meyers has complied with the requirements in paragraphs 2 and 3 of this order.
*Meyers v. Roanoke U.S. Att'y*, No. 7:19cv573, ECF No. 10 (Sept. 6, 2019 Order & Inj.).

[3] Meyers's submissions in this case also likely violate the prefiling injunction order's prohibition on him filing any document that contains "irrelevant scandalous, vulgar, obscene, threatening, or vituperative language or allegations," in that it accuses judges and court staff—without any evidence whatsoever—of being racists and bigots and trying to kill him. (ECF No. 1 at 2−3.)

can't truthfully cite the [judges' and clerks'] misconduct to kill [him]." (Compl. at 2 [ECF No. 1].) As relief, Meyers seeks $3 million in "compensatory damages." (*Id.*)

The court must dismiss an action or claim filed by an inmate if it determines that the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 42 U.S.C. § 1997e(c). "Frivolous" includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Meyers's claims are frivolous because the judges and court staff are immune from his FTCA claims. Section 2674 of Title 28 of the United States Code provides, in relevant part:

> With respect to any claim under this chapter, the United States shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim, as well as any other defenses to which the United States is entitled.

28 U.S.C. § 2674; *see Tinsley v. Widener*, 150 F.Supp.2d 7, 12 (D.D.C. 2001) (explaining that the United States possesses whatever immunity is available to the judicial officer whose act is the basis of the suit); *Coulibaly, et al. v. Chasanow, et al.*, Case No. TDC-15-0425, 2015 U.S. Dist. LEXIS 24290, at *8, 2015 WL 877786, at * 3 (D. Md. Feb. 27, 2015) (FTCA claim). The FTCA only allows claims for damages. 28 U.S.C. § 1346(b)(1). Federal judges are immune from liability for damages for "acts committed within their judicial jurisdiction." *Imbler v. Pachtman*, 424 U.S. 409, 419 (1976); *Stump v. Sparkman*, 435 U.S. 349 (1978); *Smith v. Nationstar Mortgage, LLC, et al.*, No. ELH-15-3807, 2015 U.S. Dist. LEXIS 173098, at *10, 2015 WL 9581802, at *4 (D. Md. Dec. 29, 2015). Because judicial immunity ensures that judges can perform their

functions without harassment or intimidation, it is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). In determining whether a particular judge is immune, inquiry must be made into whether the challenged action was "judicial" and whether, at the time the challenged action was taken, the judge had jurisdiction over the subject matter before him. *Stump*, 435 U.S. at 356. Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority. *Id.* at 356−57.

Meyers has not alleged that any of the judges acted in the clear absence of all jurisdiction and, thus, they are entitled to absolute judicial immunity. Likewise, the past and current Clerks of Court are entitled to quasi-judicial immunity for tasks they undertook as part of the judicial process. *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012); *Hamilton v. Newman*, No. 2:18-0622-RMG, 2018 U.S. Dist. LEXIS 164941, at *4−5, 2018 WL 46150, at *2 (D.S.C. Sep. 26, 2018). Accordingly, the judges and clerks of court are immune from liability for damages.[4]

---

[4] Still further, this action is also barred by 28 U.S.C. § 1915(g). At least three of Meyers's previous actions have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See, e.g.*, *Meyers v. Jones*, 7:18cv414, 2018 U.S. Dist. LEXIS 188371 (W.D. Va. Nov. 2, 2018) (dismissed with prejudice as frivolous and malicious); *Meyers v. Clarke*, 7:18cv460, 2018 U.S. Dist. LEXIS 188356 (W.D. Va. Nov. 2, 2018) (dismissed with prejudice as frivolous and malicious); *Meyers v. U.S. District Court, Big Stone Gap Division*, 7:18cv472, 2018 U.S. Dist. LEXIS 188363 (W.D. Va. Nov. 2, 2018) (dismissed with prejudice as frivolous); *Meyers v. Northam*, 7:18cv473, 2018 U.S. Dist. LEXIS 188355 (W.D. Va. Nov. 2, 2018) (dismissed with prejudice as frivolous); *Meyers v. U.S. District Court, Roanoke Division*, 7:18cv474, 2018 U.S. Dist. LEXIS 188364 (W.D. Va. Nov. 2, 2018) (dismissed with prejudice as frivolous); *Meyers v. Clarke*, No. 7:18cv435, 2018 U.S. Dist. LEXIS 152530 (W.D. Va. Sept. 7, 2018) (dismissed with prejudice as frivolous); *Meyers v. Bass*, No. 2:95cv774 (E.D. Va. Aug. 15, 1995) (dismissed without prejudice as frivolous); *Meyers v. U.S. District Court, Richmond Division*, No. 2:07cv363, 2007 U.S. Dist. LEXIS 81529 (E.D. Va. Nov. 1, 2007) (dismissed with prejudice for failing to state a claim); *see also Coleman v. Tollefson*, 575 U.S. 532, 537 (2015) (holding that a "strike" dismissal is counted regardless to the timing of a subsequent appeal). Therefore, Mayers may not proceed with this action unless he either prepays the filing fee or shows that he is "under imminent danger of serious physical injury." § 1915(g).

## III.

For the reasons discussed, the court will dismiss the action for lack of jurisdiction and, in the alternative, for failing to meet the requirements of the prefiling injunction.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to Meyers.

**ENTERED** this 30th day of April, 2024.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

Meyers has neither prepaid nor demonstrated that he is under imminent danger of serious physical injury and, thus, his complaint is barred under § 1915(g).